## LUNDIE ENGINEERING CO. v. RAILROAD SUPPLY CO.

(Circuit Court of Appeals, Seventh Circuit. November 10, 1925.)

No. 3570.

**1. Patents ⬤⇒328 — 986,698, for railway tie plate, claims 1, 2, 5, held invalid for want of invention.**

Doster patent, No. 986,698, for a railway tie plate, claims 1, 2, 5, *held* invalid for want of invention.

**2. Patents ⬤⇒25—Assembly of old elements without mutuality of action is "aggregation" not involving invention.**

Assembly of old elements, in a device in which each performs the same function in the same way as it did when used alone, without mutuality of action, interaction, or co-operation, is mere "aggregation" not involving invention.

[Ed. Note.—For other definitions, see Words and Phrases, Aggregation.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Patent infringement suit by the Lundie Engineering Company against the Railroad Supply Company. Decree for defendant, and complainant appeals. Affirmed.

Otto R. Barnett, of Chicago, Ill., for appellant.

Taylor E. Brown, of Chicago, Ill., for appellee.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Suit for the infringement of patent No. 986,698, issued to John W. Doster for a tie plate.

The claims relied on are 1, 2, and 5, and are as follows:

"1. A railway tie plate having a concaved lower face for bearing upon a tie and with a plurality of ribs spaced apart and depending from the concaved face for embedding in a tie.

"2. A railway tie plate having a concaved lower face for bearing upon a tie and with a plurality of ribs spaced apart and depending from the concaved face near the edges, and a rib depending from the concaved face and at right angles to the spaced ribs, said ribs being adapted to be embedded in a tie."

"5. A railway tie plate having a concaved lower face and a stop rib upon its upper face, and a plurality of ribs spaced apart and depending from the curved face and adapted to be embedded in the upper face of a tie."

The court below held each of the claims invalid for lack of invention and that they were not infringed. In the view we take of the case, it is only necessary to consider the first question.

[1, 2] Appellee insists that the claims show a combination of elements, each of which is old, and that they do not show patentable combination but a mere aggregation of old elements. The elements are all old and well known in the art, and the only question is, Does the bringing together of these old elements in the manner and for the purposes stated amount to a combination which involves invention, or does it show merely an aggregation of old elements performing their well-known functions? Tie plates having a concaved lower face for bearing upon a tie, tie plates with a plurality of ribs depending from the lower face for embedding in the tie, and tie plates with a stop rib upon the upper face, are all old. The patentee simply put these elements together into or rather onto one tie plate. Each element in this so-called combination performs the same function in the same way as it did when used alone. There is no mutuality of action, no interaction, no co-operation, between them. Each acts just as it did when used alone. The result comes, not from the coaction of the elements, but from collecting the three elements together. This is mere aggregation, and does not involve invention.

Decree affirmed.